# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**In re: ARCHDIOCESE OF MILWAUKEE,**

        Bankr. Case No. 11-20059-SVK

    Debtor.

---

**ARCHDIOCESE OF MILWAUKEE,**

        Adv. Proc. No. 12-02835-SVK

    Plaintiff,

and

**DONALD MARSHALL,**
**DEAN WEISSMULLER,**

    Additional Plaintiffs,

    -vs-        **Case Nos. 13-C-58, 13-C-60**

**STONEWALL INSURANCE COMPANY,**
**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, et al.,**

    Defendants and Counterclaimants.

---

# DECISION AND ORDER

---

The Archdiocese of Milwaukee filed for Chapter 11 bankruptcy in January of 2011. On November 13, 2012, the Archdiocese, along with additional plaintiffs Donald Marshall and Dean Weissmuller, filed a complaint for declaratory relief against Stonewall Insurance Company and a group of companies referred to as the London Market Insurers ("LMI"), seeking declarations that the insurance policies at issue provide coverage for the fraud claims

against the Archdiocese. Stonewall and LMI move to withdraw the reference of this action from the bankruptcy court.

The district court "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Courts consider a variety of factors in deciding whether to withdraw the reference, including whether the parties requested a jury trial; whether the proceeding is core or non-core; judicial economy and convenience; conservation of debtor and creditor resources; promoting the uniformity and efficiency of bankruptcy administration; and the reduction of forum shopping and confusion. *In re Beale*, 410 B.R. 613, 616 (N.D. Ill. 2009).

In light of the fact that this is a non-core proceeding in which the insurers have asserted their right to a jury trial before an Article III judge, the additional plaintiffs[1] concede that this matter should be withdrawn — eventually. For now, the plaintiffs argue that this case should not be withdrawn until it is "trial-ready," allowing Bankruptcy Judge Susan V. Kelley to handle proceedings up until that point.

The distinction between core and non-core proceedings is "the most important factor" in determining whether there is cause for withdrawal since "efficiency, uniformity and judicial economy concerns are largely consumed within it." *In re K&R Express Sys., Inc.*, 382 B.R. 443, 446 (N.D. Ill. 2007). This is mainly because a bankruptcy judge cannot enter a final judgment in a non-core proceeding. Instead, the bankruptcy judge makes recommendations that are subject to *de novo* review in the district court. § 157(c)(1).

---

[1] The additional plaintiffs oppose withdrawal, but the Archdiocese does not.

-2-

Case 2:13-cv-00058-RTR    Filed 02/22/13    Page 2 of 4    Document 7

Whether a claim is "core or non-core is not dispositive of the motion to withdraw . . ." *In re Daewoo Motor Am., Inc.*, 302 B.R. 308, 310 (C.D. Cal. 2003). That said, "the fact that a bankruptcy court's determination on non-core matters is subject to *de novo* review by the district court *could* lead the latter to conclude that in a given case unnecessary costs could be avoided by a single proceeding in the district court." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993) (emphasis added). It is true, as the plaintiffs argue, that the bankruptcy court is familiar with the facts and claims in the ongoing bankruptcy proceedings. But the Court would eventually have to familiarize itself with those proceedings anyway. It is better to start now than to await lengthy and largely duplicative proceedings in bankruptcy court. In any event, the issues presented by the underlying claims are separate and distinct from insurance coverage issues. *See, e.g., In re Allied Prods.*, No. 02 C 8436, 2003 WL 503805, at *2 (N.D. Ill. Feb. 24, 2003) ("the bankruptcy court is in no better position to resolve the insurance dispute than a district court because its familiarity with the bankruptcy case has no bearing on the insurance issues").

Accordingly, this case will proceed in the district court. After reviewing the bankruptcy docket, the Court notes that some of the parties named in the adversary complaint have not answered and did not join in the motions to withdraw the reference. These parties, such as London and Overseas Insurance Company Limited, Bermuda Fire & Marine Insurance Company, and Andrew Weir Insurance Company Limited, are referred to as "Pro Se" on the bankruptcy docket. The Court presumes that the claims against these parties can

-3-

Case 2:13-cv-00058-RTR    Filed 02/22/13    Page 3 of 4    Document 7

be dismissed, and that this matter is ready to proceed to a Rule 16 scheduling conference. If the Court is mistaken, the parties should inform the Court as such.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. The motions to withdraw [ECF No. 1 in Case No. 13-C-58, ECF No. 1 in Case No. 13-C-60] are **GRANTED**. The Clerk of Court is directed to **CLOSE** Case No. 13-C-60. All further docketing in this case shall be in Case No. 13-C-58;

2. The Clerk of Court will realign the parties on the docket in Case No. 13-C-58 to match the way the parties are docketed in the adversary proceeding, Bankruptcy Case No. 12-02835-svk; and

3. Within **ten (10) days** of the date of this Order, the parties to this action should provide a status report regarding the parties listed in the adversary complaint that have not appeared in this action.

Dated at Milwaukee, Wisconsin, this 22nd day of February, 2013.

                                                     **BY THE COURT:**

                                                   _____
                                                   **HON. RUDOLPH T. RANDA**
                                                   **U.S. District Judge**