**ARCHDIOCESE OF MILWAUKEE**,

          Plaintiff and Counter-Defendant,

and                                       Case No. 13-C-58

**DONALD MARSHALL,**                       Hon. Rudolph T. Randa
**DEAN WEISSMULLER**,

          Additional Plaintiffs,

vs.

**STONEWALL INSURANCE COMPANY,**
**CERTAIN UNDERWRITERS AT LLOYD'S,**
**LONDON, et al.,**

         Defendants and Counter-Plaintiffs.

**LONDON MARKET INSURERS' REPLY TO ADDITIONAL PLAINTIFFS' RESPONSE
TO LMI'S STATEMENT OF UNDISPUTED FACTS**

Defendants and Counter-Plaintiffs, London Market Insurers ("LMI")[1], by their attorneys at Sedgwick LLP, submit their Reply to Additional Plaintiffs' Response to LMI's Statement of Undisputed Facts in Support of Their Motion for Partial Summary Judgment ("Reply in Support of LMI's Statement of Facts") pursuant to Local Rule of the Court 56(b)(3) and F.R.C.P. 56.

<u>**General Statement to Additional Plaintiffs' Response to
LMI's Statement of Undisputed Facts**</u>

Although Additional Plaintiffs provide specific responses to each one of LMI's Statement of Proposed Undisputed Materials Fact in accordance Local Rule of the Court 57(b), in many cases Additional Plaintiffs' responses are neither denials nor objections. Rather, Additional Plaintiffs' responses often indicate: (1) they do not dispute LMI's proposed fact; (2) they do not

---

[1] London Market Insurers are identified as the parties in LMI's Memorandum in Support of Their Motion for Partial Summary Judgment.

have enough information to agree or disagree with LMI's proposed fact; and/or (3) Additional Plaintiffs' response states only that the document speaks for itself. *See* ¶¶ 1-2, 4, 9-16, 18, 20-27, 29, 31-32, 38-44, 46-47, 49, 53, 55, 60-61, 64, 67-68, 70-73, 75-78, 84-87, 89-91, 96-99, 101-112. Because Additional Plaintiffs' responses to these cited paragraphs do not indicate any dispute, material or otherwise, with LMI's proposed findings of fact, those paragraphs should be deemed admitted for purposes of summary judgment. *See* Local Rule 57(b)(4); *see also Nordock Inc. v. Systems* Inc., --- F.Supp.2d ----, 2013 WL 694702 at *9 (E.D. Wis. Feb. 26, 2013) (J. Randa) (unopposed proposed findings of fact admitted); *Staudt v. Artifex Ltd.*, 16 F. Supp.2d 1023, 1033 (E.D. Wis. 1998) (same).

LMI provide their further Replies to Additional Plaintiffs' Response to LMI's Statement of Proposed Undisputed Material Facts below.

### <u>Reply to Additional Plaintiffs' Response to<br>LMI's Statement of Proposed Undisputed Materials Facts</u>

<u>Statement by LMI</u>:

3.      The Archdiocese filed for bankruptcy protection in the U.S. Bankruptcy Court for the Eastern District of Wisconsin in January 2010 in *In re Archdiocese of Milwaukee*, Case No. I 1-02835-SVK (Bankr.E.D. Wis.), (the "Bankruptcy Proceeding"). There were 576 Proofs of Claim filed by Claimants against the Archdiocese before the February 1, 2012 Bar Date alleging they were sexually abused by Archdiocesan priests and others and three other Claimants filed Proofs of Claim after the Bar Date (the "Claims").

<u>Additional Plaintiffs' Response</u>: Additional Plaintiffs dispute part of this paragraph. The Archdiocese filed for bankruptcy in January 2011. Additional Plaintiffs do not have enough information to agree or disagree with the remaining allegations in the paragraph.

<u>LMI Reply</u>:

LMI agree that the Archdiocese filed for bankruptcy protection in January 2011 (this was a typographical error). Additional Plaintiffs do not materially dispute the remaining factual

assertions in paragraph 3, which therefore are admitted for purposes of summary judgment.

<u>Statement by LMI:</u>

5.     In *Pritzlaff v. Archdiocese of Milwaukee*, 533 N.W.2d 780 (Wis. 1995), which speaks for itself, an adult female parishioner brought a claim against a priest and the Archdiocese for the priest's alleged coercion of the parishioner into a sexual relationship. The Wisconsin Supreme Court held, among other things, that the action accrued at time of the sexual relations and that the First Amendment barred an action against Archdiocese for negligence in hiring, retaining, training, or supervising a priest. *Pritzlaff*, 533 N.W.2d at 790.

<u>Additional Plaintiffs' Response:</u> This assertion is inappropriate for the fact section. The Court is better positioned than LMI to assess the Pritzlaff case.

<u>LMI Reply</u>:

*Pritzlaff v. Archdiocese of Milwaukee* speaks for itself. Additional Plaintiffs do not materially dispute the factual assertions in paragraph 5, which therefore are admitted for purposes of summary judgment.

<u>Statement by LMI:</u>

6.     Although Ms. Pritzlaff fully litigated her claim approximately 18 years ago, all the way to the Wisconsin Supreme Court, she filed, through her attorneys, Jeff Anderson & Associates, PA, a Proof of Claim on February 1, 2012 against the Archdiocese in the Bankruptcy Proceeding. (See Ex. A, Pritzlaff Proof of Claim ("Pritzlaff POC")).

<u>Additional Plaintiffs' Response:</u> Additional Plaintiffs dispute this fact. Jeff Anderson & Associates does not represent Ms. Pritzlaff in the bankruptcy proceeding. Although Ms. Pritzlaff filed a public proof of claim in the bankruptcy proceeding she is not represented by an attorney. (See Ex. A, Pritzlaff Proof of Claim)

<u>LMI Reply</u>:

LMI lack information to determine whether Jeff Anderson & Associates has at any point in time represented Ms. Pritzlaff, although LMI note that Ms. Pritzlaff's Proof of Claim does not indicate that she is represented by an attorney in the Bankruptcy Proceeding. Additional

Plaintiffs do not materially dispute the remaining factual assertions in paragraph 6, which therefore are admitted for purposes of summary judgment.

Statement by LMI:

7.      In *John BBB Doe v. Archdiocese of Milwaukee*, 565 N.W.2d 94 (Wis. 1997), which speaks for itself, seven alleged victims claimed that when they were minors they were sexually abused by priests and they sought damages from the Archdiocese, its Churches and the priests. The Wisconsin Supreme Court held, among other things, that the statute of limitations accrued at time the alleged abuse occurred. *John BBB Doe*, 565 N.W.2d at 104. The Court also held that claims of repressed memory of past sexual abuse do not delay the accrual of a cause of action for non-incestuous sexual assault, regardless of the victim's minority and the position of trust occupied by the alleged perpetrator. *Id*. at 115.

Additional Plaintiffs' Response: This assertion is inappropriate for the fact section. The Court is better positioned than LMI to assess the John BBB Doe case.

LMI Reply:

*John BBB Doe* speaks for itself. Additional Plaintiffs do not materially dispute the factual assertions in paragraph 7, which therefore are admitted for purposes of summary judgment.

Statement by LMI:

8.      Although the claimants in *John BBB* Doe fully litigated their claims approximately 15 years ago, all the way to the Wisconsin Supreme Court, some of these same Claimants, including A-93, A-270, A-322, and A-379, also filed, through their attorneys, Jeff Anderson & Associates, PA, Proofs of Claims on December 11, 2011, January 23, 2012, January 26, 2012, and January 23, 2012, respectively, against the Archdiocese in the Archdiocese's Bankruptcy Proceeding. (*See* Group Ex. B, John BBB Doe Proofs of Claims)(Redacted as POC filed Under Seal).

Additional Plaintiffs' Response:  Additional Plaintiffs dispute this fact. Of the four Claimants LMI includes in this paragraph (A-93, A-270, A-322, and A-379), Additional Plaintiffs are only aware that Claimant A-270 was a plaintiff in the John BBB Doe decision. Jeff Anderson & Associates did not represent A-270 in the John BBB Doe case. In addition, Jeff Anderson & Associates represents A-270, A-322, and A-379, but does not represent A-93 in the bankruptcy proceeding. (See Group Ex. B, John BBB Doe Proofs of Claims)

<u>LMI Reply</u>:

LMI lack information to either admit or deny the Additional Plaintiff assertions, but states that the John BBB Doe Proof of Claims speak for themselves. To the extent Additional Plaintiffs do not materially dispute the factual allegations in paragraph 8, the factual allegations are admitted for purposes of summary judgment.

<u>Statement by LMI</u>:

17.    Between approximately 2002 and 2005 a second wave of sexual abuse claims were asserted against the Archdiocese. This resulted in additional litigation against the Archdiocese, several Wisconsin court decisions on legal liability, and additional declaratory judgment insurance coverage litigation between AOM and its insurers.

<u>Additional Plaintiffs' Response</u>:  Additional Plaintiffs do not dispute that between approximately 2002 and 2005 sexual abuse claims were asserted against the Archdiocese. Additional Plaintiffs do not agree with the remaining characterizations in this paragraph.

<u>LMI Reply</u>:

To the extent Additional Plaintiffs claim to "not agree" with LMI's factual assertions, they do not provide any facts to support their response.  As such, LMI's factual assertions in paragraph 17 should be admitted for purposes of summary judgment.

<u>Statement by LMI</u>:

19.    In connection with one of the underlying sexual misconduct lawsuits brought by a California Claimant against the Archdiocese in a California State Court, in October 2003, the California Court of Appeal found that the Archdiocese engaged in a cover-up of Father Widera's prior sexual misconduct, did not warn the Diocese of Orange that Widera might be a danger to children, and knew its conduct would cause harm in the State of California. *See Archdiocese of Milwaukee v. Superior Court*,112 Cal.App.4th 423 (2003). (*See* Ex. I, Copy of Decision in *Archdiocese of Milwaukee v. Superior Court*, 112 Cal. App. 4th 423 (2003) ("2003 CA Decision").

<u>Additional Plaintiffs' Response</u>: This assertion is inappropriate for the fact

section. The Court is better positioned than LMI to assess the Archdiocese of Milwaukee v. Superior Court case.

LMI Reply:

The decision in *Archdiocese of Milwaukee v. Superior Court* speaks for itself. Additional Plaintiffs do not materially dispute the factual assertions in paragraph 19, which therefore are admitted for purposes of summary judgment.

Statement by LMI:

28.     In *John Doe 67F v. Archdiocese of Milwaukee*, 700 N.W.2d 180 (Wis. 2005), claimant alleged that he was sexually abused by Fr. George Nuedling as a minor and he asserted claims of negligence, fiduciary fraud and breach of fiduciary duty against the Archdiocese. The Wisconsin Supreme Court held that claimant did not have a negligent supervision claim against the Archdiocese, absent any evidence that the Archdiocese knew or should have known of the priest's abusive tendencies at or before the time claimant was abused. *Id*. at 192-93. The Court further found that even if a claim for fiduciary fraud was recognized, and the Archdiocese owed claimant a fiduciary duty, claimant failed to plead a cause of action for fiduciary fraud with the required particularity. *Id*. at 193-95.

Additional Plaintiffs' Response:     This assertion is inappropriate for the fact section. The Court is better positioned than LMI to assess the John Doe 67F case.

LMI Reply:

The decision in *John Doe 67F* speaks for itself. Additional Plaintiffs do not materially dispute the factual assertions in paragraph 28, which therefore are admitted for purposes of summary judgment.

Statement by LMI:

30.     Although Claimant DeLonga fully litigated and settled her claim, she also filed, through her attorneys Jeff Anderson & Associates, PA, a Proof of Claim against the Archdiocese in the Archdiocese's Bankruptcy Proceeding. (See Ex. O, Redacted DeLonga Proof of Claim.

Additional Plaintiffs' Response: Additional Plaintiffs dispute this fact. Jeff Anderson & Associates does not represent Ms. DeLonga in the bankruptcy

proceeding. Although Ms. DeLonga filed a proof of claim in the bankruptcy proceeding she is not represented by an attorney. (See Ex. O, DeLonga Proof of Claim)

<u>LMI Reply</u>:

LMI lack information to determine whether Jeff Anderson & Associates has at any point in time represented Ms. DeLonga, although LMI note that Ms. DeLonga's Proof of Claim does not indicate that she is represented by an attorney in the Bankruptcy Proceeding. Additional Plaintiffs do not materially dispute the remaining factual assertions in paragraph 30, which therefore are admitted for purposes of summary judgment.

<u>Statement by LMI</u>:

33.    Claimants Dennis Bolton, Ronald Kuhl, Kenny Hornback, David Schaefer, Glen Bonn, and Donald Ebernz filed suit against the Archdiocese alleging that Gary Kazmerek attended the Seminary in the Archdiocese of Milwaukee, taught in the Archdiocese's schools, sexually abused young boys while working in the Archdiocese, was sent to Kentucky in the mid-1960's after a boy complained of sexual abuse to Archdiocesan officials, and sexually abused Claimants in Kentucky beginning in the mid-1960's and continuing through the 1970s. *See Hornback et. al. v. Archdiocese of Milwaukee and Diocese of Madison*, 298 Wis. 2d 248 (Wis. App. 2006). The trial court and later the Wisconsin Court of Appeals dismissed their claims. The Wisconsin Supreme Court granted review and affirmed the Court of Appeals decision that these Claimants did not sufficiently allege a failure to exercise ordinary care under the circumstances of case, as a necessary element of negligence, and recovery against diocese would be precluded on public policy ground even if alleged victims could establish negligence. *Hornback et. al. v. Archdiocese of Milwaukee and Diocese of Madison*, 752 N.W.2d 862, 864-65 (Wis. 2008).

<u>Additional Plaintiffs' Response:</u> This assertion is inappropriate for the fact section. The Court is better positioned than LMI to assess the Hornback case.

<u>LMI Reply</u>:

The decision in *Hornback et. al.* speaks for itself.  Additional Plaintiffs do not materially dispute the factual assertions in paragraph 33, which therefore are admitted for purposes of summary judgment.

<u>Statement by LMI</u>:

34.     Claimants John Does 1, 2, 3 and Linneman filed lawsuits against the Archdiocese of Milwaukee in the Circuit Court for Milwaukee County, Wisconsin, alleging sexual abuse by Frs. Widera and Becker ("Does/Linneman Lawsuits"). (See Group Ex. Q, the John Does 1, 2, 3 and Linneman Complaints). The Does 1, 2, 3 claimants alleged that they were sexually abused by Fr. Widera from 1973 to 1976 at the St. Andrews Parish in Delevan, Wisconsin. (See id.). These claimants alleged that the Archdiocese moved Widera to St. Andrews Parish in 1973 after Widera had been criminally convicted for sexual abuse. (*See id*.). They claimed that the Archdiocese thereafter received another report of sexual abuse by Widera and transferred him to California two months later. (*See id*). Claimants asserted causes of action for fraud, fraudulent and intentional non-disclosure, and negligence. (*See id*.). Claimants' fraud counts alleged that the Archdiocese affirmatively misrepresented to Claimants and their families that Widera did not have a history of molesting children while knowing that Widera did have such a history. (*See id*.).  Linneman alleged he was sexually abused by Fr. Franklyn Becker in 1982. (*See id*.)

<u>Additional Plaintiffs' Response</u>: This assertion is inappropriate for the fact section. The Does/Linneman complaint speaks for itself.

<u>LMI Reply</u>:

The John Does 1, 2, 3 and Linneman complaints speak for themselves.  Additional Plaintiffs do not materially dispute the factual assertions in paragraph 34, and therefore are admitted for purposes of summary judgment.

<u>Statement by LMI</u>:

35.     In 2006, the trial court hearing the underlying Does/Linneman Lawsuits, granted the Archdiocese's motion for summary judgment holding that the negligence and fraud claims were barred by statute of limitations and the First Amendment bars to claims of negligence against a religious entity. (*See* Ex. R, *Doe 1 v. Archdiocese of Milwaukee*, 296 Wis. 2d 419, 722 N.W.2d 400, *unpublished slip op.*, ¶ 1 (Wis.Ct.App. Aug. 29, 2006)).

<u>Additional Plaintiffs' Response</u>: This assertion is inappropriate for the fact section. The Does/Linneman summary judgment opinion speaks for itself.

<u>LMI Reply</u>:

The decision in *Doe 1* speaks for itself.  Additional Plaintiffs do not materially dispute

the factual assertions in paragraph 28, which therefore are admitted for purposes of summary judgment.

<u>Statement by LMI</u>:

36.     On August 29, 2006, the Wisconsin Court of Appeals affirmed the trial court's decision in the Does/Linneman Lawsuit based on the statute of limitations. (*See* Ex. R, *Doe 1 v. Archdiocese of Milwaukee*, 296 Wis. 2d 419, 722 N.W.2d 400, *unpublished slip op.*, ¶1 (Wis.Ct.App. Aug. 29, 2006)). The Does/Linneman Lawsuit claimants filed a Petition for Review to the Wisconsin Supreme Court, which the court granted.

<u>Additional Plaintiffs' Response:</u> This assertion is inappropriate for the fact section. The Court is better positioned than LMI to assess the Doe I Wisconsin Court of Appeals opinion.

<u>LMI Reply</u>:

The decision in *Doe 1* speaks for itself.  Additional Plaintiffs do not materially dispute the factual assertions in paragraph 36, which therefore are admitted for purposes of summary judgment.

<u>Statement by LMI</u>:

37.     On July 11, 2007, the Wisconsin Supreme. Court issued its decision in the Does/Linneman Lawsuit. *John Doe 1, et al. v. Archdiocese of Milwaukee*, 734 N.W.2d 827 (Wis. 2007). The *John Doe I* decision, which speaks for itself, held that negligence claims accrue, as a matter of law, by the time of the last incident of sexual assault, and affirmed the dismissal of negligence claims. *Id.* at 836. The Wisconsin Supreme Court also held that the discovery rule did not toll claimants' negligence claims against the Archdiocese because the claims were "derivative" of claims against the perpetrator and "accrued by the time of the last incident of sexual assault." 734 N.W.2d at 838-39. The Court further held that claims of repressed memory do not delay the accrual of a cause of action for non-incestuous sexual assault, regardless of a claimant's minority and the position of trust occupied by the alleged perpetrator. *Id.* Further, the Court held that "the date of the accrual of the fraud claims is 'when the plaintiffs discovered or, in the exercise of reasonable diligence, should have discovered' that the Archdiocese's alleged fraud was a cause of their injuries" and that such determination could not be resolved by a motion to dismiss the complaints and thus remanded that portion to the trial court. 734 N.W.2d at 830-31 (citing *John BBB Doe v. Archdiocese of Milwaukee*, 211 Wis.2d 312 (Wis. 1997)).

<u>Additional Plaintiffs' Response:</u> This assertion is inappropriate for the fact section. The Court is better positioned than LMI to assess the John Doe I case.

<u>LMI Reply:</u>

The decision in *Doe 1* speaks for itself. Additional Plaintiffs do not materially dispute the factual assertions in paragraph 37, which therefore are admitted for purposes of summary judgment.

<u>Statement by LMI:</u>

45.     On or about December 26, 2008, Donald Marshall filed his complaint against the Archdiocese in the Circuit Court of Milwaukee County, Wisconsin, Case No. 08-CV-10160 ("Marshall Complaint"). (See Ex. U, Marshall Complaint).

<u>Additional Plaintiffs' Response:</u> Additional Plaintiffs dispute this fact. Donald Marshall filed a Complaint against the Archdiocese in the Circuit Court of Milwaukee County, Wisconsin, Case No. 08¬CV-10160 on July 23, 2008. (See Ex. U, Marshall Complaint) Donald Marshall filed an Amended Complaint against the Archdiocese on December 26, 2012. (ATTACH AS EX.)

<u>LMI Reply:</u>

LMI do not dispute that Mr. Marshall filed his complaint on or about July 23, 2008. LMI lack information regarding Mr. Marshall filing an amended complaint against the Archdiocese on December 26, 2012, as no amended complaint is attached, and therefore LMI denies same.

<u>Statement by LMI:</u>

48.     The Marshall Complaint alleged three causes of action against AOM: "Fraud against Defendant Archdiocese;" "Fraud (Intentional Nondisclosure) against Defendant Archdiocese;" and "Fraud (Negligent Misrepresentation) against Defendant Archdiocese." (See Ex. U, Marshall Complaint).

<u>Additional Plaintiffs' Response:</u> Additional Plaintiffs dispute this fact. The Marshall Complaint alleged only two causes of action, both against the Archdiocese: Fraud and Fraud (Intentional Non-Disclosure). (See Ex. U, Marshall Complaint) Donald Marshall's Amended Complaint alleges a third cause of action for Fraud (Negligent Misrepresentation) against the Archdiocese. (SAME ATTACHMENT AS No. 45)

<u>LMI Reply</u>:

The Marshall Complaint speaks for itself.  LMI do not deny that the Marshall Complaint alleged two causes of action "Fraud against Defendant Archdiocese" and "Fraud (Intentional Nondisclosure) Against Defendant Archdiocese."  LMI lack information regarding Mr. Marshall filing an amended complaint against the Archdiocese on December 26, 2012, as no amended complaint is attached, and therefore LMI deny same.

<u>Statement by LMI</u>:

50.     The Marshall Complaint does not allege sexual abuse during the 1967 through 1973 LMI policy periods.

<u>Additional Plaintiffs' Response:</u>   Mr. Marshall was abused in approximately 1977-1978. However, Additional Plaintiffs believe that Mr. Marshall's claim is covered under LMI's policies.

<u>LMI Reply</u>:

The Marshall Complaint speaks for itself. Additional Plaintiffs do not materially dispute that the Marshall complaint does not allege sexual abuse during the 1967 through 1973 LMI policy periods.  The remaining statements by Additional Plaintiffs constitute argument to which no response is required, and in any event, are denied as the LMI policies do not provide coverage to AOM for the Marshall Complaint.

<u>Statement by LMI</u>:

51.     In October 2007, in the Does/Linneman Lawsuit, Commercial Union Insurance Company, the Archdiocese's primary carrier from the mid 1970's to 1982, filed a Motion to Intervene, Bifurcate Claims and Stay to determine whether it had a duty to defend AOM for those claims. (*See generally, John Does/Linneman v. Archdiocese of Milwaukee (One Beacon)*, 794 N.W.2d 468 (Wis. App. 2010)).

<u>Additional Plaintiffs' Response:</u> This assertion is inappropriate for the fact section. The Commercial Union Insurance Company's Motion to Intervene, Bifurcate Claims, and Stay in the Does/Linneman case speaks for itself.

The Motion to Intervene, Bifurcate Claims and Stay filed in the *Does/Linneman* case speaks for itself. Additional Plaintiffs do not materially dispute the factual assertions in paragraph 51, which therefore are admitted for purposes of summary judgment.

Statement by LMI:

52.     In August 14, 2008, the trial court in the Does/Linneman Lawsuit (*John Doe 1, et al v. Archdiocese of Milwaukee*) issued an oral ruling that granted summary judgment in favor of Commercial Union, finding that it had no duty to defend the John Does 1, 2, 3, and Lineman claims of fraud and intentional misrepresentation. (*See* Ex. W, Transcript Trial Court Order of 8/14/2008, pp. 31-37). The trial court's August 14, 2008 oral ruling was memorialized in a written order dated March 2, 2009. (*See* Ex. X, Court Order 3/2/2009).

Additional Plaintiffs' Response: This assertion is inappropriate for the fact section. The trial transcript from 8/14/2008 and the order from 3/2/2009 in the Does/Linneman case speak for themselves.

LMI Reply:

The trial transcript from August 14, 2008 and the order from March 2, 2009 in the *Does/Linneman* case speak for themselves. Additional Plaintiffs do not materially dispute the factual assertions in paragraph 52, which therefore are admitted for purposes of summary judgment.

Statement by LMI:

54.     In August 2008, AOM agreed to LMI's request, and AOM stipulated to a dismissal of the 2004 Wisconsin Coverage Litigation against all insurers, including LM1 subscribing to the Umbrella Policies effective from 1967 to 1972 (and other policies not at issue here effective from 1982 to 1986), which became final on September 30, 2008. (*See* Ex. P, 2004 DI Dkt.). The only causes of action that remained pending against the Archdiocese alleged fraud or intentional acts of misrepresentation, which the trial court found in August 2008 were not covered (*See* Ex. P, 2004 DJ Dkt.).

Additional Plaintiffs' Response: This assertion is inappropriate for the fact section. The stipulated order for dismissal of the 2004 Umbrella Policies speaks

for itself.

LMI Reply:

The stipulated dismissal of the 2004 Wisconsin Coverage Litigation against all insurers, including LMI subscribing to the Umbrella Policies effective from 1967 to 1972, speaks for itself. Additional Plaintiffs do not materially dispute the factual assertions in paragraph 54, which therefore are admitted for purposes of summary judgment.

Statement by LMI:

56.     In July 31, 2009, the trial court granted Commercial Union's Motion for Summary Judgment holding that it had no duty to defend claims of negligent misrepresentation because such claims require a volitional act that can never be an occurrence under a liability policy. (*See* Ex. AA, *Doe 1* July 31, 2009 Trial Ct. Order and Trial Court Dkt. Entries 7/23/2009 and 7/31/2009).

Additional Plaintiffs' Response: This assertion is inappropriate for the fact section. The trial court order and docket entries in Doe 1 speak for themselves.

LMI Reply:

The *Doe 1* July 31, 2009 Trial Ct. Order and Trial Court Dkt. Entries 7/23/2009 and 7/31/2009 speak for themselves. Additional Plaintiffs do not materially dispute the factual assertions in paragraph 56, and therefore are admitted for purposes of summary judgment.

Statement by LMI:

57.     The Archdiocese appealed the trial court's July 31, 2009 Order, which held that there was no coverage for claims of negligent misrepresentation. *See John Does/Linneman v. Archdiocese of Milwaukee (One Beacon)*, 794 N.W.2d 468 (Wis. App. 2010).

Additional Plaintiffs' Response: This assertion is inappropriate for the fact section. The Archdiocese's appeal of the John Does/Linneman case speaks for itself.

The decision in *John Does/Linneman* speaks for itself. Additional Plaintiffs do not materially dispute the factual assertions in paragraph 57, which therefore are admitted for purposes of summary judgment.

Statement by LMI:

58.     The Archdiocese did not appeal the trial court's August 14, 2008 oral ruling (later memorialized in a written order dated March 2, 2009), which held that there was no coverage for claims alleging fraud or intentional misrepresentation. (*Id*.).

Additional Plaintiffs' Response: This assertion is inappropriate for the fact section. The Archdiocese's appeal of the John Does/Linneman case speaks for itself.

LMI Reply:

The decision by AOM not appeal the trial court's August 14, 2008 oral ruling (later memorialized in a written order dated March 2, 2009) speaks for itself. Additional Plaintiffs do not materially dispute the factual assertions in paragraph 58, which therefore are admitted for purposes of summary judgment.

Statement by LMI:

59.     On November 23, 2010, the Wisconsin Court of Appeals affirmed the trial court's coverage rulings and found that there was no coverage for claims of negligent misrepresentation against the Archdiocese. *John Does/Linneman v. Archdiocese of Milwaukee (One Beacon)*, 794 N.W.2d 468 (Wis. App. 2010).

Additional Plaintiffs' Response: This assertion is inappropriate for the fact section. The Court of Appeal's decision in the John Does/Linneman case speaks for itself.

LMI Reply:

The decision in *John Does/Linneman* speaks for itself. Additional Plaintiffs do not materially dispute the factual assertions in paragraph 59, which therefore are admitted for

purposes of summary judgment.

Statement by LMI:

62.     LMI is aware of 16 Claimants with pending lawsuits, which were: John Does 1, 2 and 3; Jane Does 1, 2, and 3; John Doe 6; John Doe 13; John Doe 14; Donald Butcher; James Essenberg; Charles Linneman; Donald Marshall; David Neels; James Neels; and Donald Weissmuller.

Additional Plaintiffs' Response: Additional Plaintiffs dispute this fact. James Neels is John Doe 13 and should not be separately named. Instead, Peter Neels is a named plaintiff who filed a complaint prior to the bankruptcy proceeding. Donald Weissmuller's first name is incorrect; it should be Dean.

LMI Reply:

LMI lack information to either admit or deny Additional Plaintiffs' response in regards to John Doe 13. Additional Plaintiffs do not materially dispute the remaining factual assertions in paragraph 62, which therefore are admitted for purposes of summary judgment.

Statement by LMI:

63.     In October 2010, a non-confidential mediation took place for these 17 claimants with pending lawsuits as well as for seven other claims. The Archdiocese made an offer of $4.8 million for global settlement and the remaining claimants rejected the Archdiocese's offer. (*See* Ex. CC, AOM Memorandum in Opposition to Claimant's Motion to Sequence in the Bankruptcy Proceeding Filed 2/18/2013 [Dkt. No. 1538], at p. 4).

Additional Plaintiffs' Response: Additional Plaintiffs dispute LMI's characterization in this paragraph.

LMI Reply:

To the extent Additional Plaintiffs claim to "dispute LMI's characterization" of LMI's factual assertions, they do not provide any facts to support their response. As such, LMI's factual assertions in paragraph 63 should be admitted for purposes of summary judgment.

<u>Statement by LMI</u>:

65.     Attorney Jeff Anderson widely advertised for client victims to file Proofs of Claim prior to the February 1, 2012, bar date in the bankruptcy case.

<u>Additional Plaintiffs' Response:</u>     Additional Plaintiffs dispute LMI's characterization in this paragraph.

<u>LMI Reply</u>:

To the extent Additional Plaintiffs claim to "dispute LMI's characterization" of LMI's factual assertions, they do not provide any facts to support their response.  As such, LMI's factual assertions in paragraph 65 should be admitted for purposes of summary judgment.

<u>Statement by LMI</u>:

66.     According to a filing by the Archdiocese, Attorney Jeff Anderson ran over 17,000 advertisements between March 2011 and January 2012 (6,800 were 30 second television ads and there were also several 30 minute infomercials).[2] (See Ex. CC, AOM Mem. in Opp. To Claimant's Mot. to Seq. in the Bankruptcy Proceeding filed 2/18/2013 [Dkt. No. 1538], at p. 7, and FN 5 and 6 with Exs. B and C attached thereto). This ultimately led to the filing of about 576 Abuse Survivor Proofs of Claim.

<u>Additional Plaintiffs' Response:</u>     Additional Plaintiffs dispute LMI's characterization in this paragraph.

<u>LMI Reply</u>:

To the extent Additional Plaintiffs claim to "dispute LMI's characterization" of LMI's factual assertions, they do not provide any facts to support their response. Moreover, Exhibit CC (AOM Mem. in Opp. To Claimant's Mot. to Seq. in the Bankruptcy Proceeding filed 2/18/2013), the over 17,000 advertisements Attorney Jeff Anderson ran between March 2011 and January 2012 and Attorney Jeff Anderson YouTube channel (http://www.youtube.com/user/

---

[2] Some of the ads are still viewable on Mr. Anderson's You Tube Website:
http://www.youtube.com/user/abusedinwisconsinffeature=watch. Anderson, with Director Alex Gibney, also produced an HBO Documentary "Mea Maxima Culpa: Silence in the House of God," that was released on HBO Cable Channels in February 2013. It chronicles the abuse of deaf boys by Fr. Murphy at a Catholic Boarding School in Wisconsin.

abusedinwisconsinffeature =watch) and the HBO Documentary "Mea Maxima Culpa: Silence in the House of God" speak for themselves. As such, LMI's factual assertions in paragraph 66 should be admitted for purposes of summary judgment.

Statement by LMI:

69.     On February 9, 2012, Bankruptcy Judge Kelley issued a ruling, granting in part the Archdiocese's motion for summary judgment and holding that the negligence causes of action of three claims (A12, A13 and A49) were barred by the statute of limitations, whereas the fraud causes of action contained issues of fact preventing ruling as a matter of law. *In re Archdiocese of Milwaukee*, 470 B.R. 495, 501 (Bank. F.D. Wis. 2012); *see also In re Archdiocese of Milwaukee*, 482 B.R. 792, 801 (E.D. Wis. 2012) (Federal Courts are not the appropriate forum to rewrite Wisconsin tort law).

Additional Plaintiffs' Response: This assertion is inappropriate for the fact section. Bankruptcy Judge Kelley's February 9, 2012 ruling speaks for itself.

LMI Reply:

The decisions *In re Archdiocese of Milwaukee*, 470 B.R. 495, 501 (Bank. F.D. Wis. 2012) and *In re Archdiocese of Milwaukee*, 482 B.R. 792, 801 (E.D. Wis. 2012) speak for themselves.  Additional Plaintiffs do not materially dispute the factual assertions in paragraph 69, which therefore are admitted for purposes of summary judgment.

Statement by LMI:

74.     The Archdiocese, through its counsel, has admitted during court hearings in then Bankruptcy Proceeding on January 24, 2013 that there are fraudulent claims in the Bankruptcy Tort Claims that have been filed with the Bankruptcy Court and that claims with prior settlements and signed a release should not get any more money. As AOM counsel argued to the court:
p. 59:

THE COURT:

*       *       *

But I do not agree that you were duty-bound by the law to go ahead and file all these objections, but I'm not saying you were estopped from doing it.

MR. LOCOCO: And what I'd add, Your Honor, is there are a lot of other non-abuse-survivor claimants who might disagree with that. Secondly, the Court raised other dioceses in bankruptcies. And what's different here, which we've also talked about from the beginning, until recently, it -- well, it's still the case that, in these other dioceses in bankruptcies, they were funded substantially by insurance

p. 60:

proceeds. As Mr. Anderson pointed out, the Archdiocese has extremely limited funds. So it isn't equitable to treat all these claims the same, including people who have prior settlements and have collected money. ***Your Honor, there are fraudulent claims in these claims that have been filed that I know are fraudulent. We just haven't gotten to those yet. Those people shouldn't collect money. And I say that as an officer of the Court. And I'm guessing Mr. Finnegan and Mr. Anderson would agree with that: that fraudulent claimants shouldn't collect money. either. But all of that needs to be ferreted out, so we can figure out how to treat claimants.***

THE COURT: Right. Well, what about -- and this doesn't go to -- I don't want to say the "legal argument" -- but it doesn't go to the argument that, okay, you are estopped from raising the statute of limitations. But why -- and I have heard this, and it -- I don't think ever more passionately and eloquently than today. Why are we putting these claim objections on the front burner? Why don't we take it all away, let it all sit in the background, and just wait and see what happens with the insurance litigation? If we don't have a pot of money, then it doesn't make sense to put these people through these objections. If we've got a pot of money, then it does, maybe.

MR. LOCOCO: And the answer to that, Your Honor, is

p. 61

that were two years into this bankruptcy. The insurance coverage litigation is going to take months, whether the Court hears, Judge Randa hears it, it's going to take months. And as the Court, I assume, knows from the motion that we filed today regarding the -¬you know, the status of the Archdiocese's assets, we need to keep things moving. I know that the hope is that there is a pot of money from the insurance carriers. But I also know, from having read the insurance carriers' answers and counterclaims, that all of the arguments that we're raising, quite apart from the issue of coverage, they would raise and intend to raise, and expect us to raise. I mean, we have a duty to cooperate with them, with respect to this insurance, and to pursue claims objections based on that.

So we cannot sit on our hands, Your Honor. And it's not like we've teed up a hundred claims for trial. We're trying to tee up a certain number of them to get at specific legal issues, so we can see whether that helps us sort through the claims.

All right? The claims objections that we filed in the last two months are of a different sort than the claims objections that Mr. Anderson is talking about with respect to the statute of limitations. ***I don't think it's a stretch to argue that people who have been paid and signed a release shouldn't get any more money. I don't think that should***

p. 62

***wait. I don't think --***

(See Ex. EE, 1/24/13 Bankruptcy Proceeding Hearing Transcript at p. 59-62) (Emphasis added).

Additional Plaintiffs' Response:  Additional Plaintiffs dispute this assertion as to the claimants represented by Jeff Anderson & Associates. Additional Plaintiffs do not have enough information to agree or disagree as to other claimants.

LMI Reply:

The transcript of the court hearing  in the Bankruptcy Proceeding on January 24, 2013

speaks for itself.  Additional Plaintiffs do not materially dispute the remaining factual assertions

in paragraph 74, which therefore are admitted for purposes of summary judgment.


Statement by LMI:

79.	Since the Bankruptcy Proceedings bar date on February, 1, 2012 to file proof of claims, approximately 279 Tort Claimants as of May 17, 2013 have filed "Amended" Proofs of Claims. LMI is in currently in possession of 220 of the 279 "Amended" Proofs of Claims. (*See* JN, ¶¶ 1-579 exhibits "b" throughout). Out of the 220 "Amended" Proofs of Claims in LMI's possession, about eighty two (82) allege abuse at any time from July 1967 to August 1973. (See Ex. 11, Chart 8 summarizing the Amended Proofs of Claim in LMI's possession and Fraud allegations).

Additional Plaintiffs' Response: Additional Plaintiffs agree that as of May 17, 2013, approximately 279 Tort Claimants filed Amended Proofs of Claims. Additional Claimants do not have enough information to agree or disagree with the amount or substance of Amended Proofs of Claims in LMI's possession.

LMI Reply:

The Additional Plaintiffs agree that as of May 17, 2013, approximately 279 Tort

Claimants filed "Amended" Proofs of Claims. Additional Plaintiffs do not materially dispute the remaining factual assertions in paragraph 79, which therefore are admitted for purposes of summary judgment.

Statement by LMI:

80. These "Amended" Proofs of Claims attach to their respective Original Proof of Claim essentially the same exact boilerplate language, written across 144 paragraphs and almost 22 pages in length. (See JN, ¶¶ 1-579, exhibits "b" throughout).

Additional Plaintiffs' Response: Additional Claimants dispute this fact. The Amended Proofs of Claims speak for themselves. (*See* JN, ¶¶ 1-579, exhibits "b" throughout).

LMI Reply:

The "Amended" Proofs of Claims speak for themselves (*See* JN, ¶¶ 1-579, exhibits "b" throughout). Additional Plaintiffs do not materially dispute the factual assertions in paragraph 80, which therefore are admitted for purposes of summary judgment.

Statement by LMI:

81. As an example, in public Claimant 95's "Amended" Proof of Claim, Paragraph 1 of the boilerplate addendum states:

At all times material, the perpetrator of sexual abuse referenced in the Proof of Claim (hereinafter "Abuser"), was a Priest, counselor, leader and/or a teacher educated by, and/or under the direct supervision, authority, employ and control of the Archdiocese of Milwaukee ("ADOM").

(*See* Ex. JJ, Amended Proof of Claim for Public Claimant 95; see also JN, ¶555 Ex. b).

Additional Plaintiffs' Response: Additional Claimants dispute this fact. The Amended Proofs of Claims speak for themselves. (See Ex. JJ, Amended Proof of Claim for Public Claimant 95; see also JN, ¶555 Ex. b).

LMI Reply:

Claimant 95's "Amended" Proof of Claim speaks for itself (*See* Ex. JJ, Amended Proof

of Claim for Public Claimant 95; *see also* JN, ¶555 Ex. b). Additional Plaintiffs do not materially dispute the factual assertions in paragraph 81, which therefore are admitted for purposes of summary judgment.

Statement by LMI:

82.     Public Claimant 95's "Amended" Proof of Claim Paragraph 7 of the boilerplate addendum states:

ADOM was in a specialized position where it had knowledge or should have had knowledge that Claimant did not. ADOM was in a position to have this knowledge because it was Abuser's employer and/or because the ADOM was responsible for Abuser. ADOM was also in this position because it controlled the facilities where Abuser worked. ADOM was also in this position because it controlled Catholic life within the geographical boundaries of ADOM.

(See *id.*).

Additional Plaintiffs' Response: Additional Claimants dispute this fact. The Amended Proofs of Claims speak for themselves. (See id.).

LMI Reply:

Claimant 95's "Amended" Proof of Claim speaks for itself. (*See* Ex. JJ, Amended Proof of Claim for Public Claimant 95; *see also* JN, ¶555 Ex. b). Additional Plaintiffs do not materially dispute the factual assertions in paragraph 82, which therefore are admitted for purposes of summary judgment.

Statement by LMI:

83.     All the 220 "Amended" Proof of Claims in LMI's possession filed by the Tort Claimants attach an Addendum boilerplate form to their respective original proof of claim and have extremely similar if not identical language. (See JN, ¶¶ 1-579, exhibits "b" throughout, showing the 220 "Amended" Proofs of Claims in LMI's possession).

Additional Plaintiffs' Response:  Additional Claimants dispute this assertion. The Amended Proofs of Claims speak for themselves. (See JN, ¶¶ 1-579, exhibits "b" throughout).

<u>LMI Reply</u>:

All the 220 "Amended" Proof of Claims speak for themselves. (*See* JN, ¶¶ 1-579, exhibits "b" throughout). Additional Plaintiffs do not materially dispute the factual assertions in paragraph 83, which therefore are admitted for purposes of summary judgment.

<u>Statement by LMI</u>:

88. The Archdiocese has argued that at least 157 Bankruptcy Tort Claims have been asserted against AOM that involve allegations of abuse perpetrated by persons other than AOM priests -- such as religious order priests, religious order nuns, and other lay people not employed by AOM. On January 21, 2013, AOM filed 157 claim objections in the Bankruptcy Proceedings arguing that these 157 Bankruptcy Tort Claims should he disallowed because "the underlying claims all involve allegations of abuse against 'non-debtor entities' such as religious order priests, religious order nuns and laypeople not employed by the Debtor [AOM]." (*See* Ex. MM, AOM 1/31/13 letter to Hon. Judge Kelley in Bankruptcy Proceeding, p. 2 [Dkt. No. 1473]; *see also* JN, ¶¶ 1-579, exhibits "c" throughout containing all of AOM's Claim Objections).

<u>Additional Plaintiffs' Response:</u> Additional Plaintiffs do not dispute that the AOM filed objections to claims involving allegations of abuse perpetrated by persons other than AOM priests, although Additional Plaintiffs disagree with the basis of the AOM's objections. (See Additional Plaintiffs' Opposition to London Market Insurers' Motion for Partial Summary Judgment, pp. Section XX).

<u>LMI Reply</u>:

The AOM's 157 claim objections in the Bankruptcy Proceedings and the AOM 1/31/13 letter to Hon. Judge Kelley in the Bankruptcy Proceedings speak for themselves. Additional Plaintiffs do not materially dispute the factual assertions in paragraph 88, which therefore are admitted for purposes of summary judgment. Further, the remaining statements by Additional Plaintiffs constitute argument to which no response is required, and in any event, are denied.

<u>Statement by LMI</u>:

92. In July 9, 2004, AOM published a list of 44 "restricted diocesan priests" who due to "substantiated reports of sexual abuse of a minor ... have been (or would be if they were still alive) restricted from all priestly ministries, may not celebrate the sacraments publicly, or present themselves as priests in any way."

(*See* Ex. QQ, copy of AOM webpage list of "restricted diocesan priests"). The "restricted" AOM priests are: Raymond A. Adamsky, Fully Restricted from Priestly Ministry; James L. Arimond, Laicized; Ronald J. Bandle, Deceased; James W. Beck, Left Priestly Ministry; Franklyn W. Becker, Laicized; Michael C. Benham, Laicized; Frederick J. Bistricky, Deceased; Daniel A. Budzynski, Laicized; Peter A. Burns, Laicized; S. Joseph Collova, Excommunicated; Andrew P. Doyle, Laicized (Deceased); William J. Effinger, Deceased; Ronald Engel, Fully Restricted from Priestly Ministry; George A. Etzel, Deceased; William J. Farrell, Deceased; James M. Flynt, Laicized; James M. Godin, Laicized; Edmund H. Haen, Deceased; David J. Hamer, Laicized; Harold A. Herbst, Deceased; George S. Hopf, Deceased; James N. Jablonowski, Fully Restricted from Priestly Ministry; Marvin T. Knighton, Laicized; John T. Knotek, Deceased; Michael J. Krejci, Fully Restricted from Priestly Ministry; Eugene T. Kreuzer, Deceased; Oswald G. Krusing, Deceased; Jerome E. Lanser, Fully Restricted from Priestly Ministry; Eldred B. Lesniewski, Deceased; Daniel J. Massi, Laicized; Lawrence C. Murphy, Deceased; Michael T. Neuberger, Dismissed from clerical state (case in appeal); Richard W. Nichols, Deceased; George A. Nuedling, Deceased; John A. O'Brien, Laicized; Donald A. Peters, Laicized; Roger W. Schneider, Laicized; Clarence J. Schouten, Deceased; Vincent A. Silvestri, Deceased; Thomas A. Trepanier, Fully Restricted from Priestly Ministry; Jerome A. Wagner, Laicized; John C. Wagner, Fully Restricted from Priestly Ministry; Charles W. Walter, Fully Restricted from Priestly Ministry; and, Siegfried F. Widera, Deceased. (See *id*.).

Additional Plaintiffs' Response:  Additional Plaintiffs do not dispute this fact, with the exception that Michael T. Neuberger is fully restricted from priestly ministry and John C. Wagner is laicized. *See List of Clergy Offenders*, Archdiocese of Milwaukee, http://www.archmil.org/reorg/clergy-offenders-info/clergy-offenders.htm (last visited July 19, 2013).

LMI Reply:

LMI does not dispute Additional Plaintiffs' response.

Statement by LMI:

93.    At least 196 Bankruptcy Tort Claims have been asserted against AOM alleging abuse by AOM priests for whom AOM has argued that it had no prior knowledge of abuse by that given perpetrator. (See JN, ¶¶ 1-576, Exs. "a" throughout).

Additional Plaintiffs' Response:  Additional Claimants dispute this assertion. The Amended Proofs of Claims speak for themselves. (See JN, ¶¶ 1-576, Exs. "a" throughout).

<u>LMI Reply</u>:

To the extent Additional Plaintiffs claim to "dispute" LMI's factual assertions and state that the Amended Proofs of Claims speak for themselves, Additional Plaintiffs' response is vague, overbroad and raises no issue of actual material fact. Moreover, the Original Proof of Claims (*see* JN, ¶¶ 1-576, Exs. "a" throughout) and the "Amended" Proof of Claims (*see* JN, ¶¶ 1-576, Exs. "b" throughout), which speak for themselves, support the factual assertions in paragraph 93. Additional Plaintiffs do not dispute the remaining factual assertions in paragraph 93, which therefore are admitted for purposes of summary judgment.

<u>Statement by LMI</u>:

94.     As a result, on March 9, 2013, AOM filed about 196 claim objections in the Bankruptcy Proceeding for claims for which "no fraud is evident or can be proven because the alleged abuse occurred prior to the time the Debtor became aware that the alleged perpetrator committed any alleged prior act." (See Ex. RR, AOM 1/31/13 letter to Hon. Judge Kelley in Bankruptcy Proceeding, p. 2 [Dkt. No. 14731; *see also* JN ¶¶ 1-579, exhibits "c" throughout, containing all of AOM's Claim Objections).

<u>Additional Plaintiffs' Response</u>:  Additional Claimants dispute this assertion. The Amended Proofs of Claims speak for themselves. (JN ¶¶ 1-579, exhibits "c" throughout)

<u>LMI Reply</u>:

To the extent Additional Plaintiffs claim to "dispute" LMI's factual assertions and state that the Amended Proofs of Claims speak for themselves, Additional Plaintiffs' response is vague, overbroad and raises no issue of actual material fact. Moreover, the Original Proof of Claims (*see* JN, ¶¶ 1-576, Exs. "a" throughout), the "Amended" Proof of Claims (*see* JN, ¶¶ 1-576, Exs. "b" throughout), AOM's 196 claim objections in the Bankruptcy Proceeding for claims for which "no fraud is evident or can be proven because the alleged abuse occurred prior to the time the Debtor became aware that the alleged perpetrator committed any alleged prior

act," and all of AOM's Claim Objections (*see* JN ¶¶ 1-579, exhibits "c" throughout), which speak for themselves, support the factual assertions in paragraph 94. Additional Plaintiffs do not dispute the remaining factual assertions in paragraph 94, which therefore are admitted for purposes of summary judgment.

Statement by LMI:

95.     Of these about 196 Bankruptcy Tort Claims, about 98 allege abuse during the Umbrella Liability Policies effective from July 1967 to August 1973. (See Ex. SS, Chart 2 listing all claimants alleging sexual misconduct against AOM from 1967 to 1973 and noting those with no potential for fraud).

Additional Plaintiffs' Response:  Additional Claimants dispute this assertion. The Amended Proofs of Claims speak for themselves. (JN ¶¶ 1-579, exhibits "c" throughout)

LMI Reply:

To the extent Additional Plaintiffs claim to "dispute" LMI's factual assertions and state that the Amended Proofs of Claims speak for themselves while referencing JN ¶¶ 1-579, exhibits "c" throughout (which is incorrect as exhibits "c" in the JN are AOM's Objections), Additional Plaintiffs' response is vague, overbroad and raises no issue of actual material fact.  Moreover, the Original Proof of Claims (see JN, ¶¶ 1-576, Exs. "a" throughout), the "Amended" Proof of Claims (*see* JN, ¶¶ 1-576, Exs. "b" throughout),  AOM's 196 claim objections in the Bankruptcy Proceeding, and all of AOM's Claim Objections (*see* JN ¶¶ 1-579, exhibits "c" throughout), which speak for themselves, support the factual assertions in paragraph 95.  Additional Plaintiffs do not dispute the remaining factual assertions in paragraph 95, which therefore are admitted for purposes of summary judgment.

Statement by LMI:

100. The Archdiocese is not seeking coverage under any policies subscribed to by London Market Insurers who subscribed to policies other than the Umbrella Liability Policies, First Excess Umbrella Liability Policies, and Second Excess

Umbrella Liability Policies described above. The Archdiocese recognizes that there is no coverage under other policies subscribed to by LMI.

Additional Plaintiffs' Response:  Additional Plaintiffs dispute this fact. Additional Plaintiffs reserve all rights under the LMI policies.

LMI Reply:

To the extent Additional Plaintiffs claim to "dispute" LMI's factual assertions, they do not provide any facts to support their response.  As such, LMI's factual assertions in paragraph 100 should be admitted for purposes of summary judgment.  The remaining statements by Additional Plaintiffs constitute argument to which no response is required, and in any event, are denied as Additional Plaintiffs are not insureds and do not have any rights whatsoever to "reserve" under the LMI Policies, including the LMI Umbrella Liability Policies, First Excess Umbrella Liability Policies, and Second Excess Umbrella Liability as described in LMI's Statement of Undisputed Facts in Support of Their Motion for Partial Summary Judgment.

### LMI's RESPONSE TO ADDITIONAL PLAINTIFFS' STATEMENT OF ADDITIONAL FACTS

1.      Additional Plaintiffs have never been involved in insurance claims against LMI. Dean Weissmuller's claims were against the Archdiocese of Milwaukee and St. John's School for the Deaf. (*See* Ex. S, Weissmuller Complaint) Don Marshall's claims were against the Archdiocese of Milwaukee. (See Ex. U, Marshall Complaint).

**LMI Response:**

The Weissmuller Complaint (LMI Ex. S) and the Marshall Complaint (LMI Ex. U) speak for themselves. LMI lack information to admit or deny that "Additional Plaintiffs have never been involved in insurance claims against LMI," and therefore deny same.

[Signature on next page]

Dated: August 16, 2013

Respectfully submitted,

London Market Insurers


By: _/s/ Marcos G. Cancio__
Catalina J. Sugayan
Marcos G. Cancio
SEDGWICK LLP
One North Wacker Drive, Suite 4200
Chicago, IL 60606
Telephone: (312) 641-9050
Facsimile: (312) 641-9530

And

Russell W. Roten
Jeff D. Kahane
Duane Morris LLP
865 S. Figueroa Street, Suite 3100
Los Angeles, CA 90017-5450